UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JOSEPHS,

        Plaintiff,

v.

FEDERAL-MOGUL CORP.,

        Defendant.
_____/

CASE NO: 10-10617

HONORABLE SEAN F. COX

OPINION & ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE &
GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT

Plaintiff Harold Josephs ("Josephs") filed this *qui tam* action against Defendant Federal-Mogul Corp. ("Federal-Mogul"), alleging that Federal-Mogul violated the false-marking statute, 35 U.S.C. 292(a). The claim is currently before the Court on Federal-Mogul's motion to dismiss. For the following reasons, the Court shall GRANT Federal-Mogul's motion without prejudice, and GRANT Josephs leave to amend his complaint.

BACKGROUND

Federal-Mogul is a Delaware corporation with its principal place in Southfield, Michigan. Josephs is a licensed professional engineer residing in the Eastern District of Michigan.

Josephs claims that Federal-Mogul manufactures, packages, and distributes automotive parts including windshield wiper blades under the "ANCO" brand. (Pl.'s Compl at ¶ 25).

Josephs alleges that "Federal Mogul makes and sells a variety of products which it marks

1

with patent numbers where at least one claim of the marked patent does not cover the marked product." (Pl.'s Compl at ¶ 25).

Josephs alleges that the following wiper blades are marked with patent numbers and that at least one claim of the marked patents does not cover the product:

- ANCO Winter blade (Pl.'s Compl. at ¶ 26 & 29)

- ANCO regular blade (Pl.'s Compl. at ¶ 27)

- ANCO Contour blade (Pl.'s Compl. at ¶ 28).

Regarding Federal Mogul's intent, Josephs claims, "Federal-Mogul did not have, and could not have had, a reasonable belief that its ANCO wiper products were properly marked." (Pl.'s Compl. at ¶ 31). He also alleges, "Federal Mogul is a patent sophisticated company. Federal Mogul knew, or should have known, that many of the patents marked on its ANCO wiper blade products do not cover the products on which they are marked." (Pl.'s Compl. at ¶ 63 & 64).

ANALYSIS

As this case involves questions of patent law, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1338(a). Any appeal in this case, must be to the United States Court of Appeals for the Federal Circuit, 28 U.S.C. § 1295(a), whose precedent governs matters of substantive patent law. *Eli Lilly and Co. v. Zenith Goldline Phram.., Inc.*, 364 F. Supp. 2d 820, 896 (S.D. Ind. 2005).

The false-marking statute provides in relevant part:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any *unpatented article*, the word "patent" or any word or number importing that the same is patented *for the purpose of deceiving the public* . . . [s]hall be fined not more than $500 for

>every such offense.
>**(b)** Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292 (emphasis added).

"The two elments of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public." *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).

Federal-Mogul first argues that Joseph's complaint should be dismissed because he failed to sufficiently plead that Federal-Mogul's wiper blades are unpatented. Federal-Mogul also argues that the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to this case, and that Josephs' Complaint fails to meet that standard. Because the Court agrees that Rule 9(b) applies and that Josephs' Complaint does not meet its heightened pleading requirements, the Court need not consider Federal-Mogul's first argument.

<u>Josephs' Complaint Fails To Sufficiently Plead That Federal-Mogul Intended To Deceive The Public</u>

Rule 9(b) provides:

>**Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED R. CIV. P. 9(b).

In *Stauffer v. Brooks Brothers, Inc.*, – – F.3d – – , 2010 WL 3397419 (Fed. Cir. August 31, 2010), the Federal Circuit indicated that the heightened pleading standard of Rule 9 (b) applies to the "intent to deceive" element of a claim under § 292. *Id.* at *6. Additionally, numerous district courts have applied Rule 9(b). *See Juniper Networks v. Shipley*,

2009 WL 1381873 at *4 (N.D.Cal. May 14, 2009); *see also Brinkmeier v. Bic Corp.*, 2010 WL 3360568 at *8 (D.Del. Aug 25, 2010); *Hollander v. Etymotic Research, Inc.*, 2010 WL 2813015 at *7 (E.D.Pa. July 14, 2010); *Advance Cartridge Techs., LLC v. Lexmark Int'l., Inc.*, 2010 WL 2640137 (M.D.Fl. June 30, 2010); *Simonian v. Cisco Systems, Inc.*, 2010 WL 2523211 at *2 (N.D.Ill. Jun 17, 2010). *But see Brinkmeier v. Graco Children's Products, Inc.*, 684 F.Supp.2d 548, 553 (D.Del. Feb. 16, 2010) (declining to decide whether Rule 8 or Rule 9(b) applied); *Promote Innovation, LLC. v. Ranbaxy Laboratories, Inc.*, 2010 WL 3120040 at *2-3 (E.D.Tex. Jul.14, 2010) (applying Rule 8 rather than Rule 9(b)).

A plaintiff bringing a claim under § 292 must show that the defendant had a specific intent to deceive the public. As such, § 292 is a fraud-based claim and Rule 9(b) applies. *See Simonian*, 2010 WL 2523211 at *3.

To determine whether Josephs has met the pleading requirements of Rule 9(b), this Court looks to Federal Circuit law. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009). "Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud." *Id*. at 1327 (quoting *King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (CCPA 1981)). Additionally, the circumstances must be pleaded with particularity and detail, and should include "who, what, when, where, and how." *Exergen*, 575 F3d. at 1327.

In *Clontech*, the Federal Circuit stated:

> Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true. Intent to deceive, while subjective in nature, is established in law by objective criteria. Thus, objective standards control and the fact of misrepresentation coupled with proof that the

4

> party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.

*Clontech*, 406 F.3d at 1352 (internal quotations omitted).

Regarding Federal-Mogul's intent to deceive the public, Josephs' Complaint states:

> 31. Federal Mogul did not have, and could not have had, a reasonable belief that its ANCO wiper products were properly marked.
>
> * * *
>
> 63. Federal Mogul is a patent-sophisticated company.
> 64. Federal Mogul knew, or should have known, that many of the patents marked on its ANCO wiper blade products do not cover the products on which they are marked.

(Pl.'s Compl. at ¶ 31, 63-64). Additionally, in reference to each patent discussed in the Complaint, Josephs alleges: "Federal Mogul has marked ANCO wipers with the U.S. Patent [No. . . . ] with knowledge that the claims of this patent do not cover one or more of the products on which this patent is marked."

Under Rule 9's heightened standard, these allegations are insufficient to support the inference that Federal-Mogul acted with the intent to deceive the public. Accordingly, the Court shall Grant Federal-Mogul's motion to dismiss without prejudice.

Leave To Amend The Complaint

At oral argument, Josephs' asked the Court for leave the amend its complaint if the Court grants Federal-Mogul's motion to dismiss. Federal-Mogul argues that under Rule 9(b), "it would be difficult for the plaintiff to allege that there was an intent to deceive the public." (Hearing Tr. 09/02/2010 at 12:12-14; Doc No. 28). Federal-Mogul notes that it marked the wipers with the phrase, "[m]ay be covered by one or more of following patents." Federal-Mogul argues that this phrase demonstrates that it did not intend to deceive the public. Further, Federal-Mogul claims that it updated its packaging to remove expired patents, and that by doing so, it has

exercised good faith in trying to list the correct patent numbers.

Josephs argues that he should be granted leave to amend, because in other cases where courts have dismissed claims under the Rule 9(b) standard, those courts have also granted leave to amend.

This Court agrees. While it may be difficult for Josephs to meet the heightened pleading standard, the Court does not find that it would be impossible. Accordingly, the Court shall GRANT Josephs leave to amend the complaint.

## CONCLUSION & ORDER

For the reasons stated above, the Court GRANTS Federal Mogul's motion to dismiss without prejudice and GRANTS Josephs leave to amend his complaint.

IT IS SO ORDERED


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager